

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
MAR 21 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | |
| GLAXOSMITHKLINE LLC, Plaintiff, v. GIRARDI KEESE, Defendant. | Case No. __14 1701__ Honorable Cynthia M. Rufe MDL No. 1871 |

## MOTION TO SEAL COMPLAINT TO COMPEL ARBITRATION AND ENJOIN INITIATION OR PURSUIT OF LITIGATION AND PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Pursuant to Local Rule 5.1.5(a)(2) and this Court's inherent equitable powers, plaintiff GlaxoSmithKline LLC ("GSK"), through its undersigned counsel, moves to seal the publicly available version of the Complaint to Compel Arbitration and Enjoin Initiation or Pursuit of Litigation and Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction because the materials disclose terms and addresses issues arising under a confidential Master Settlement Agreement.  GSK brings this motion for the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference herein.

WHEREFORE, GSK requests that this Court order that the Complaint filed in this case be placed under seal.

Dated: 3/21/2014

Nina M. Gussack (Pa. Bar No. 31054)
Kenneth H. Zucker (Pa. Bar No. 38418)
PEPPER HAMILTON LLP
3000 Two Logan Square

Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215.981.4000

George A. Lehner
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
202.220.1200

*Attorneys for Plaintiff GlaxoSmithKline LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | |
| GLAXOSMITHKLINE LLC,<br><br>Plaintiff,<br><br>v.<br><br>GIRARDI KEESE,<br><br>Defendant. | Case No. **14  1701**<br><br>Honorable Cynthia M. Rufe<br>MDL No. 1871 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL COMPLAINT TO COMPEL ARBITRATION AND ENJOIN INITIATION OR PURSUIT OF LITIGATION AND PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiff GlaxoSmithKline LLC ("GSK") brings this motion to seal the Complaint because the Complaint and Motion seeking preliminary injunctive relief disclose terms and addresses issues arising under a confidential Master Settlement Agreement ("MSA") entered by the parties. The information disclosed in the materials is of no interest to the public, and permitting public access serves no legitimate purpose. Conversely, the terms of the MSA and the details of its implementation were agreed by the parties upon their entry into the MSA to be held in confidence. Maintenance of confidentiality is of great interest to GSK for reasons including that it is engaged in the implementation of other confidential settlements covering other claimants, which include have different but also some similar terms, and it is also actively engaged in ongoing litigation, where its defense and opportunity to enter settlements in those cases may be impaired by access to this confidential information.

For these reasons, and as further addressed below, GSK has demonstrated good cause for the entry of an order sealing the filed version of the Complaint and Motion for Temporary Restraining Order and/or Preliminary Injunction in this matter, and requiring defendant to submit any filings containing confidential information that it may make under seal.

## ARGUMENT

Pursuant to Local Rule 5.1.5, this Court may order that a document be placed under seal. L.R. 5.1.5(a)(2). Although that rule does not provide a standard for determining when a document should be placed under seal, a federal court has the "inherent equitable power" to issue orders protecting the confidentiality of sensitive information. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994). Such orders may be issued by this Court upon a showing of good cause, which requires "a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy*, 23 F.3d at 786.

In evaluating whether a party has shown good cause, courts "balance the competing public and privacy interests before entering the Order." *Id.* at 786. With respect to the privacy interests at stake, "[i]t is appropriate for courts to order confidentiality to prevent the infliction sasldkfof unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." *Id.* at 787. In this respect, if a party opposes confidentiality for an "improper purpose," or if the case "involves private litigants, and concerns matters of little legitimate public interest," then privacy concerns usually predominate. *Id.* at 787-88. Factors courts consider in ruling on a motion to preserve confidentiality include: whether disclosure will violate any privacy interests, whether the information is sought for a legitimate purpose or an improper purpose, and whether the case involves issues important to the public. *Glenmede Trust*

2

*Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Specifically, "federal courts have recognized a strong public interest in preserving the confidentiality of settlement[s], because this encourages settlement out of court as a more efficient solution in heavily litigated areas of law and especially complex lawsuits, such as the one at hand." *In re W.R. Grace & Co.*, 475 B.R. 34, 192 (D. Del. 2012).

Under these factors, good cause clearly exists for granting GSK's Motion. First, confidential information relating to settlement terms and evaluation processes – particularly where the parties to the dispute have already agreed to maintain confidentiality of that information – do not implicate issues that are "important to the public." This case, however, implicates important privacy interests. Recognizing the importance of confidentiality, the MSA parties expressly states that the terms of the agreement and information about settlement payments are confidential, and maintenance of confidentiality is a material term of the agreement. MSA § IV.P. Absent a sealed record, over 60,000 claimants whose claims are subject to other settlement agreements and more than 3,900 active plaintiffs in nationwide Avandia litigation will have access to confidential settlement information. Access to that information by other settling claimants and active plaintiffs serves no legitimate purpose – and could severely impede GSK's ability to effectively conclude existing settlements and litigate and possibly resolve the remaining matters.

## CONCLUSION

For the reasons set forth above, GSK requests that this Court grant its Motion to Seal Complaint to Compel Arbitration and Enjoin Initiation or Pursuit of Litigation and Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction.

Respectfully submitted,

Dated: 3/21/2014

*Kenneth H. Zucker*

Nina M. Gussack (Pa. Bar No. 31054)
Kenneth H. Zucker (Pa. Bar No. 38418)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
215.981.4000

George A. Lehner
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
202.220.1200

*Attorneys for Plaintiff GlaxoSmithKline LLC*

4



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | **14   1701** |
| GLAXOSMITHKLINE LLC, | : : | |
| Plaintiff, | : : | Case No. _____ |
| v. | : : : | |
| GIRARDI KEESE, | : : | Honorable Cynthia M. Rufe<br>MDL No. 1871 |
| Defendant. | : : : | |

**ORDER**

AND NOW, this ____ day of _____, 2014, it is ORDERED that the Motion to Seal the Complaint to Compel Arbitration is hereby GRANTED. The Clerk is hereby ORDERED to place the original documents under SEAL, and defendant is ORDERED to submit its filings under SEAL to the extent they include confidential information.

Dated:                          By: _____
                                               CYNTHIA M. RUFE, U.S.D.J.